# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Anthony Arroyo, : | |
| Appellant : | |
| : | No. 892 C.D. 2019 |
| v. : | |
| : | Submitted: August 8, 2025 |
| Commonwealth of Pennsylvania, : | |
| Department of Transportation, : | |
| Bureau of Driver Licensing : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE MATTHEW S. WOLF, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                    **FILED:  September 8, 2025**

Anthony Arroyo (Appellant) appeals to this Court from the order entered by the Court of Common Pleas of Philadelphia County (trial court) on April 26, 2019, which suspended Appellant's operating privilege because he had been convicted of a drug offense.  Upon review, we reverse.

### I. BACKGROUND[1]

On January 22, 2018, Appellant was convicted of simple possession of a controlled substance.[2]  Following Appellant's conviction, the Department of

---

[1] Unless stated otherwise, we adopt the factual background for this case from the trial court's opinion, which is supported by substantial evidence of record.  *See* Trial Ct. Op., 10/23/19.

[2] *See* Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 to 780-144 (relating to the unlawful manufacture, delivery or possession of a controlled substance).

Transportation, Bureau of Driver Licensing (Bureau) notified Appellant that he would receive a six-month suspension pursuant to 75 Pa.C.S. § 1532(c) of the Vehicle Code (Section 1532(c)).[3]

Appellant filed a statutory appeal of his suspension. Following several continuances, the trial court held a hearing on April 26, 2019. At the hearing, Appellant directed the trial court's attention to a recent amendment to Section 1532(c), which had removed the six-month suspension for drug offenses like the one Appellant had committed. The amendment became effective on April 22, 2019, which was after Appellant's conviction but prior to the hearing.

Notwithstanding this change in the relevant law, the trial court dismissed Appellant's appeal and suspended his operating privilege. According to the trial court, absent any precedential case law or clear statutory language authorizing retroactive application, Appellant was not entitled to relief.

Thereafter, Appellant timely appealed to this Court.[4]

---

[3] Previously, Section 1532(c) of the Vehicle Code provided:

(c) Suspension. – The department shall suspend the operating privilege of *any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state*, *or* any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa.C.S. § 2706 (relating to terroristic threats) committed on any school property, including any public school grounds, during any school-sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity.

Former 75 Pa.C.S. § 1532(c) (emphasis added). Approximately 7 months after Appellant's conviction, the General Assembly deleted the above-italicized language from Section 1532(c). *See* Act of Oct. 24, 2018, P.L. 659, No. 95. The amendment took effect on April 22, 2019. *See id.*

[4] Initially, the trial court deemed the appeal untimely. However, upon review, this Court determined that Appellant had preserved May 13, 2019, as his date of appeal. Pa. Cmwlth. Mem. & Order, 9/19/19.

2

## II. ISSUE

The only issue is whether the trial court erred in upholding the suspension of Appellant's operating privilege following his conviction for simple possession of a controlled substance, notwithstanding the amendment to Section 1532(c). *See* Appellant's Br. at 4.

## III. DISCUSSION[5]

Appellant contends that the amended version of Section 1532(c) must be given retroactive effect. *See id.* at 7. Citing this Court's decision in *Ganoe v. Department of Transportation, Bureau of Driver Licensing*, 247 A.3d 91 (Pa. Cmwlth. 2021) (*en banc*), Appellant asserts that the trial court "must enforce the law as it exists on the day it renders judgment." *Id.* Appellant notes that the amendments to Section 1532(c) became effective four days prior to his hearing. *See id.* Thus, according to Appellant, the trial court erred in declining to apply the amended version, and this Court should reverse the trial court and reinstate Appellant's operating privilege. *See id.* at 7-8.

Although the Bureau argued against any retroactive effect of Section 1532(c) before the trial court, it now concedes that this Court's decision in *Ganoe* controls. *See* Bureau's Letter, 11/12/24. It therefore asks this Court to reverse the trial court's decision. *See id.*

In *Ganoe*, a licensee was convicted of violating Section 13(a)(30) of the Drug Act. 247 A.3d at 93. The Bureau notified the licensee that his operating privilege would be suspended pursuant to the former version of Section 1532(c). *Id.*

---

[5] This Court's review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Review*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022).

3

The licensee timely appealed the suspension, and a hearing was held after the new version took effect. *Id.* at 94. Nevertheless, focusing on the date of the licensee's conviction, the trial court declined to apply the new version of Section 1532(c) retroactively and dismissed the licensee's appeal. *Id.*

Upon further review, an *en banc* panel of this Court reversed. *Id.* at 101. Noting first that it is the trial court, not the Bureau, that adjudicates whether a licensee shall have his operating privilege suspended, the *Ganoe* Court rejected the Bureau's contention that its suspension notice was a final order.[6] *See id.* at 95-97. Rather, no suspension could occur until the trial court had completed its review process and issued a final determination. *Id.* Further, the Court reasoned, "[l]icensee proffers not a retroactive but, rather, a prospective construction of [the amended Section 1532(c)]." *Id.* at 97. As of April 22, 2019, the law ceased to sanction a drug conviction with the loss of a licensee's operating privilege. *See id.* at 98. Thus, absent clear language reflecting the legislature's intent to tie the elimination of this sanction to the date of the licensee's conviction, the *Ganoe* Court concluded that a reviewing court must enforce Section 1532(c) as it exists when the court renders its judgment. *See id.* at 98-101.

Similarly, as in *Ganoe*, Appellant was convicted of a drug offense while the former version of Section 1532(c) was still in effect. Thus, as in *Ganoe*, the Bureau notified Appellant that his conviction would result in a six-month suspension of his operating privilege. Nevertheless, the trial court did not consider Appellant's appeal or issue its final determination until April 26, 2019, after the new version of Section 1532(c) took effect on April 22, 2019. *See* Hr'g Tr., 4/26/19; Trial Ct. Order,

---

[6] Because the Bureau is "entitled to administrative finality," a "notice of suspension becomes final when no challenge is lodged to it." *Ganoe*, 247 A.3d at 96 (citing *Probst v. Dep't of Transp., Bureau of Driver Licensing*, 849 A.2d 1135, 1142 (Pa. 2004)).

4/26/19.  Thus, as in *Ganoe*, Section 1532(c) no longer authorized a six-month suspension of Appellant's operating privilege.

## IV. CONCLUSION

The trial court erred by dismissing Appellant's appeal and ordering his license suspended.  *See Ganoe*, 247 A.3d at 100.  Accordingly, we reverse the trial court's order and direct the Bureau to reinstate Appellant's operating privilege.

**LORI A. DUMAS, Judge**

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Arroyo,                           :
                    Appellant             :
                                          :   No. 892 C.D. 2019
          v.                              :
                                          :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :

# **O R D E R**

AND NOW, this 8th day of September, 2025,  the order entered in this matter by the Court of Common Pleas of Philadelphia County on April 26, 2019, is REVERSED, and the Department of Transportation, Bureau of Driver Licensing is directed to reinstate Anthony Arroyo's operating privilege.

**LORI A. DUMAS, Judge**